XIAO YAN CHEN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–1498–ag.

United States Court of Appeals, Second Circuit.

Sept. 16, 2008.

Sheema Chaudhry, Law Offices of Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Robbin K. Blaya, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSEPH M. McLAUGHLIN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Yan Chen, a native and citizen of the People's Republic of China, seeks review of a March 13, 2008 order of the BIA affirming the September 7, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Yan Chen,* No. A 95 710 360 (B.I.A. Mar. 13, 2008), *aff'g* No. A 95 710 360 (Immig. Ct. N.Y. City Sept. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen*

*v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus we "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility determination. *Corovic,* 519 F.3d at 95. Chen did not challenge before either the BIA or this Court the IJ's findings that: (1) her asylum application was inconsistent with her friend's letter regarding when Falun Gong materials were sent to the store where she worked; (2) her testimony was inconsistent with her friend's letter regarding whether her friend sent the materials or whether they were sent by another individual; and (3) it was implausible that she would not know the circumstances of her friend's escape from government custody. Accordingly, any challenge to those findings is both unexhausted and waived, and those findings stand as valid bases for the IJ's adverse credibility determination.

*See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008).

With respect to the findings Chen does challenge, they are supported by substantial evidence. As the IJ observed, Chen failed to mention at either her airport or credible fear interview that she was detained and beaten. He further observed that she omitted some details of the alleged beating from her asylum application. We find no support for Chen's argument that the records of her airport and credible fear interviews were unreliable. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 179– 80 (2d Cir.2004). Moreover, while, as Chen argues, she did mention the beating in her asylum application, we cannot find that the IJ erred in pointing to her omission of the details to which she later testified as further support for his finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.").

The IJ was likewise entitled to rely on the inconsistency between her testimony and her friend's letter regarding the location of her arrest, regardless of Chen's explanation for it and that it was minor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In any event, Chen's explanation—that her friend might have heard conflicting information from other sources—would not compel a reasonable factfinder to credit it. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir. 2005).

Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. Therefore, the IJ properly denied Chen's application for asylum and withholding of removal because the only evidence that she would be persecuted depended on her credibility. *See Paul*

*v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Finally, by failing to meaningfully challenge the agency's denial of CAT relief before this Court, Chen has waived any challenge to the denial of that relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).